IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICK BOGGESS,

    **Plaintiff,**

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    **Defendant.**

Case No. 2:10-cv-416

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kemp

## OPINION AND ORDER

On February 10, 2011, the Magistrate Judge filed a Report and Recommendation recommending that the plaintiff's statement of errors be overruled and that judgment be entered in favor of the Commissioner of Social Security. Plaintiff, although he is represented by counsel in this case, filed an objection himself on February 22, 2011. The Commissioner has not responded. For the following reasons, the objection will be overruled and the Clerk will be directed to enter judgment in favor of the defendant.

By way of brief background (brief because the objection does not really address any of the matters discussed in the Report and Recommendation), plaintiff claimed disability due to problems with his lower back and legs. At the administrative hearing, he also testified to seizures, frequent headaches, and depression. The Administrative Law Judge, although finding plaintiff to suffer from low back pain with radicular pain in both legs and depression, concluded that, at least of the date of the administrative decision, which was July 24, 2009, plaintiff could do light work activities with some restrictions on the level of complexity of the tasks assigned to him and the environment in which, and the pace at which, he could do those tasks. Because a

vocational expert had testified that someone with those restrictions could work, plaintiff was not awarded disability benefits.

Plaintiff's statement of errors identified four ways in which the Administrative Law Judge supposedly erred: not finding that his back condition met Section 1.04 of the Listing of Impairments, not giving appropriate weight to the opinion of his treating physician, mistakenly concluding that he could work at the light exertional level, and relying on an expert vocational opinion that was not supported by the evidence. The Magistrate Judge found each of these claims to lack merit, and also concluded that plaintiff was not entitled to have the case remanded to the Commissioner for the consideration of new evidence. As the Report and Recommendation noted, plaintiff had not actually moved for a remand on that basis even though he submitted evidence consisting of medical records dated more than a year after the administrative decision was made, the Magistrate Judge concluded that the new evidence did not relate to the severity of plaintiff's condition on or prior to that date.

In his objection, plaintiff does not argue that any specific conclusion contained in the Report and Recommendation was wrong. Thus, although the Court is required to review a Magistrate Judge's Report and Recommendation *de novo* when proper objections are filed, here there is nothing to review. *See Howard v. Secretary of H.H.S.*, 932 F.2d 505, 509 (6th Cir. 1991) ("a general objection to the entirety of the magistrate's report has the same effect as would a failure to object"). Rather, plaintiff's objection points out that he had surgery on January 19, 2010 to remove a disc from his back and to implant hardware, and that a few months after the surgery his leg gave out and he fell. He says that his doctor has told him he has mild osteopenia and that there is no effective treatment for it. He apparently is asking the Court to review his

disability claim in light of this evidence.

The issue in this case is not whether plaintiff is currently disabled. The issue is whether the Commissioner of Social Security had a reasonable basis for believing that he was not disabled as of July 24, 2009, and whether the Commissioner followed the applicable law in reaching that decision. Nothing in plaintiff's objection addressed either of these issues. Consequently, the Court **OVERRULES** plaintiff's objection (#18) and **ADOPTS** the Report and Recommendation (#17). The statement of errors (#10) is **OVERRULED** and the Clerk is **DIRECTED** to enter judgment in favor of the Defendant Commissioner of Social Security. Nothing in this order would prevent plaintiff from filing a new claim for disability and alleging that he became disabled on a date after July 24, 2009.

**IT IS SO ORDERED.**

4-6-2011
DATED

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE